HENRY, Circuit Judge,
concurring.
I agree with the majority that the district court should direct the government to either proceed with the Harper inquiry or announce why it chooses not to do so. I write separately to state my view as to how the district court should proceed if the government does not establish that Mr. Morrison is a danger to himself or others such that he may be involuntarily medicated under Harper.
In that event, I believe that the district court should revisit the four-part Sell inquiry. First, the court should determine whether the prosecution, “in light of the efficacy, the side effects, the possible alternatives, and the medical appropriateness of a particular course of antipsychotic treatment,” has shown “a need for that treatment sufficiently important to overcome the individual’s protected interest in refusing it.” Sell, 539 U.S. 166, 183, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003). The court “must consider the facts of the individual case in evaluating the Government’s interest in prosecution.” Id. at 180, 123 S.Ct. 2174; see also United States v. Gomes, 387 F.3d 157, 161 (2d Cir.2004) (discussing the charges against the defendant and the potential sentence he could receive and determining “whether the potential for civil commitment abate[d] the Government’s interest in prosecuting [the defendant]”).
Here, Mr. Morrison has been charged with serious crimes: two counts of making death threats in violation of 18 U.S.C. § 875(c). Each count carries a maximum sentence of five years’ incarceration. The seriousness of the charged offenses lends support to the prosecution’s argument for involuntary medication. On the other hand, Mr. Morrison has been held in custody since February 2003. Although we cannot now determine the length of the sentences that Mr. Morrison will receive if the criminal prosecution proceeds and he is convicted, it is conceivable that he will have already served a substantial part of those sentences by the time the criminal case is concluded. As a result, civil commitment proceedings may protect the public more effectively than the criminal prosecution. In any event, under the first prong of the Sell inquiry, these considerations should be carefully weighed by the district court on remand.
Next, in my view, the district court should proceed to the second, third, and fourth parts of the Sell inquiry. I agree with the Second Circuit that “the relevant findings must be supported by clear and convincing evidence.” Gomes, 387 F.3d at 160.